UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| SELENA CAUDILL, Individually, in her capacity as Next Friend of GARY J. CAUDILL and AUSTIN CAUDILL, and as the Administratrix of the ESTATE OF GARY RONALD CAUDILL, JR., | ) ) ) ) ) ) | Civil Action No. 6: 06-386-DCR |
| Plaintiff, | ) ) ) | |
| V. | ) ) | |
| JAMES RIVER COAL SERVICE CO., d/b/a JAMES RIVER COAL COMPANY, LEECO, INC., ZURICH SPECIALTY LIMITED, NEW HAMPSHIRE INSURANCE COMPANY, and GERLING-KNOZEREN GENERAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) | |

*** *** *** ***

This matter is pending for consideration of the Plaintiff's motion to remand and for costs and attorneys' fees pursuant to § 1447(c). [Record Nos. 12, 14] More specifically, the Plaintiff claims that the removal of this action was untimely and that complete diversity does not exist. The removing Defendants contend that removal was proper and that costs are not warranted under the circumstances presented.

Having reviewed the parties' briefs and being sufficiently advised, the Court finds that the removal of this action was untimely under § 1446(b) and will grant the motion to remand.

-1-

However, the Court will deny the Plaintiff's motion for costs pursuant to § 1447(c). The parties' remaining motions will be denied as moot.

## I.      Background

This litigation began as a wrongful death action following the death of Gary Caudill, an underground coal miner, who died in an electrocution incident in Perry County, Kentucky, on July 20, 2001. The Plaintiff initially filed a complaint on July 9, 2002, in Perry Circuit Court, alleging negligence and various other common law claims against Defendants James River Coal Service, Corp. ("JRC") and Leeco, Inc. ("Leeco"). Both JRC and Leeco are Kentucky corporations with principal places of business located in Kentucky.

On July 22, 2002, the Plaintiff amended her original complaint to join Patrick Graham ("Graham") and other Unknown Defendants who were "in all likelihood, residents of Kentucky" as defendants. JRC and Leeco filed their answers to the Plaintiff's amended complaint on August 12, 2002, and the parties began to engage in substantive discovery. Then, in March 2003, JRC and Leeco filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Middle District of Tennessee. Pursuant to 11 U.S.C. § 362(a)(1), the Plaintiff's action against JRC and Leeco was automatically stayed. However, on February 26, 2004, the bankruptcy court entered an agreed order lifting the automatic stay with respect to the Plaintiff's claims against Leeco and JRC, to the extent that the Plaintiff could pursue her claims to collect from any applicable insurance coverage of the companies.

On July 28, 2006, the Plaintiff filed her second amended complaint asserting claims directly against the insurance providers of JRC and Leeco: Zurich Specialty Limited ("Zurich"),

New Hampshire Insurance Company ("NH") and Gerling Insurance Company ("Gerling").  The Plaintiff served NH on July 28, 2006, and Zurich on July 31, 2006.  It appears that Gerling has never been served with the second amended complaint; however, Gerling does not contest that it is a party to this litigation. [Record No. 16, p.6 n.11]

On August 28, 2006, Zurich, NH, and Gerling ("the insurance Defendants") jointly removed the action from Perry Circuit Court under the auspices of 28 U.S.C. §§ 1332 and 1441. On September 25, 2006, the Plaintiff filed the instant motion to remand.  Additionally, the Plaintiff has moved the Court to award attorneys fees and costs under 28 U.S.C. § 1447(c).

In support of her motion to remand, the Plaintiff contends that the insurance Defendants' removal of this action was improper because (1) it was "twice untimely" under 28 U.S.C. § 1446(b); (2) there is not complete diversity among all plaintiffs and all defendants because Defendants JRC and Leeco are real parties to the controversy; (3) Defendant Patrick Graham did not join in the notice of removal and the insurance Defendants did not state any reason for this failure to join; and (4) the removal violates the "no local defendant" rule and the rule of unanimity.

## II.    Discussion

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it could have been brought initially in federal court.  A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a).  In determining the appropriateness of remand, a court must consider whether federal jurisdiction

existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Additionally, statutory procedures for removal are to be strictly construed, and any doubts concerning jurisdiction should be resolved in favor of remand. *Sygenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

### A.    Timeliness of Removal

The Plaintiff contends that the removal of this action was untimely under 28 U.S.C. § 1446(b) because (1) it was filed more than one year after the Plaintiff initially commenced the action in state court and (2) it was filed on the 31st day after the first defendant was served. The insurance Defendants contend that the removal was timely because the statutes of limitations for removal should not begin to run until they were served with the Second Amended Complaint. In support of their position, the insurance Defendants cite *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 535 (6th Cir. 2000).

The statute governing the timeliness of removal, 28 U.S.C. § 1446(b), states in relevant part that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (2006). A plain reading of this statute dictates that if a case is not initially removable, it cannot be removed on the basis of diversity jurisdiction more than one year after its commencement. This clear, jurisdictional limitation is not altered by later filings, such as

-4-

amended complaints.  *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996).   As the

Supreme Court noted in *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996),

> In a case not originally removable, a defendant who receives a pleading or other
> paper indicating the post commencement satisfaction of federal jurisdictional
> requirements – for example, by reason of the dismissal of a nondiverse party –
> may remove the case to federal court within 30 days of receiving such
> information. § 1446(b).  *No case, however, may be removed from state to federal
> court based on diversity of citizenship "more than 1 year after commencement of
> the action."*

*Id*. at 68-69 (citing 28 U.S.C. § 1446(b)) (emphasis added).

In *Brierly*, the Sixth Circuit addressed the statutory construction of § 1446(b) and held

that "the one-year limitation on removal of diversity cases applies only to those that were not

initially removable." *Brierly*, 184 F.3d at 535.  Although the insurance Defendants contend that

*Brierly*'s holding somehow supports the timeliness of the removal in this case, such a conclusion

is not supported by the facts of that case.  In *Brierly*, the plaintiff initially filed his complaint in

May, 1994, against two defendants, Alusuisse and Ellison.  *Id*. at 530.  Alusuisse removed the

action based on diversity jurisdiction within thirty days of being served, and the district court

remanded the case because Alusuisse had failed to establish complete diversity on the part of

Ellison, who had yet to be served.  *Id*.  Then, in November 1995, the plaintiff filed an amended

complaint and effected service on Ellison.  *Id*. at 531.  Ellison removed the action within thirty

days thereafter, and Alusuisse consented.  *Id*.  In addition, Ellison submitted an affidavit

establishing that complete diversity existed at the time the original complaint was filed.  *Id*.  The

Sixth Circuit held that the removal was timely even though it was not filed until eighteen months

after the action was initially filed in state court *because the original action was removable based on diversity jurisdiction*. *Brierly*, 184 F. 3d at 535.  The Court reasoned that,

> [b]ased upon ordinary language usage, the qualifying clause  –  "except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action"– can only be interpreted to modify the antecedent clause to which it is attached, and not previous sections of the text. . . . We hold that the one-year limitation on removal of diversity cases applies only to those that were not initially removable and, therefore, that Ellison's petition for removal was not untimely.

*Id*.

Here, the Plaintiff initially filed this action in Perry Circuit Court against JRC and Leeco on July 9, 2002.  It is undisputed that the Plaintiff and the initial Defendants, JRC and Leeco, were all residents of Kentucky at that time, and the action was not initially removable based on diversity jurisdiction.  [Record No. 15, p. 25, Record No. 16, p. 21]  The insurance Defendants did not remove the action until more than *four years* later, on August 28, 2006.  Because the original action filed in state court was not removable based on diversity jurisdiction, the insurance Defendants' removal more than four years later cannot be considered timely under § 1446(b).  *See Brierly*, 184 F. 3d at 535; 28 U.S.C. § 1446(b).  Accordingly, the case must be remanded.

Because the Court finds that the removal of this action was untimely, it declines to reach the remaining issues raised by the parties.  However, it will briefly address the Plaintiff's motion for just costs and attorneys fees under § 1447(c).

### B.    "Just Costs" under 28 U.S.C. § 1447(c)

Title 28, section 1447(c) of the United States Code provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c) (2006). As the Supreme Court explained recently in *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005),

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005) (internal citations omitted).

Here, although the insurance Defendants were misguided in their application of *Brierly*, their grounds for removal were not objectively unreasonable or "devoid of even fair support." *See Bartholomew v. Town of Collierville*, 409 F.3d 684, 687 (6th Cir. 2005).  Accordingly, the Court finds that an award of costs and attorneys fees under § 1447(c) is not warranted under the circumstances presented.

### III.    Conclusion

For the foregoing reasons, it is hereby **ORDERED** as follows:

1.    The Plaintiff's motion to remand [Record No. 12] is **GRANTED**.

2.    The Plaintiff's motion for costs and attorney's fees [Record No. 14] is **DENIED**.

3.    The remaining motions [Record Nos. 1, 6, 7, 9, and 13] are **DENIED**, as moot.

4.    This matter is **REMANDED** to the Perry Circuit Court for further proceedings.

This 22nd day of January, 2007.



Signed By:

*Danny C. Reeves* DCR

**United States District Judge**